UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BUSTILLOS,                                   No. 06 CV 02565 JCW

    Petitioner,                                             <u>ORDER</u>

  vs.

SALINAS VALLEY STATE PRISON,

    Respondent.

_____/

    Petitioner Bustillos filed a petition for writ of habeas corpus pursuant 28 U.S.C. section 2254, challenging his sentence of 10 years and 8 months imposed pursuant to his plea of guilty to one count of gross vehicular manslaughter while intoxicated and one count of driving while intoxicated and causing great bodily injury.

    I have reviewed the Petition, the Respondent's Answer, the Traverse, and all supporting documents. I hold that Bustillos is not entitled to the relief requested and order that the Petition be denied. I further order that Petitioner's additional motions and requests to the court be denied as moot.

**I.**

The following statement of facts is excerpted from the summary of the offense provided in the probation officer's report:

> On April 30, 2003, at approximately 3:32 p.m., officers responded to California and Oak Streets in Stockton, California, regarding a traffic collision. The defendant and his passenger, William Chestine, were traveling northbound on California Street and failed to stop for a red light at the intersection at Oak Street. The defendant's vehicle collided with another vehicle at the intersection. Witnesses observed the passenger toss a bottle of Vodka from the defendant's vehicle as it stopped.
>
> The right front passenger of the victim's vehicle, Ramon Jesus Contreras, suffered multiple blunt force trauma and died as a result of his injuries. The driver, Sally Fernandez, suffered a fractured arm and a collapsed lung. The right rear passenger, Matthew Gomez, suffered a fractured foot and several lacerations.
>
> The defendant was driving on a suspended/revoked license due to a prior DUI and reckless driving which occurred in September of 2002. He showed signs of being under the influence of alcohol. He stated that he and Chestine were drinking Vodka. He stated that he took three drinks of Vodka between 10:00 a.m. and 2:00 p.m. that afternoon. He admitted that he was feeling sleepy and hit a car at the intersection of Oak and California Streets. The defendant's blood alcohol level was .15. His passenger Chestine had a blood alcohol level of .22. Chestine suffered severe laceration to his arm and contusions to his chest.

[Lodged Doc. L.; *see also* Lodged Doc. A.] Bustillos does not contest the underlying facts of the offense and, during the plea colloquy, stipulated to the factual basis for his guilty plea. [Lodged Docs. A & J.]

The following summary of procedural background is taken from the unpublished opinion of the California Court of Appeal, Third District:

> In case No. TF031841A, defendant Robert Bustillos pleaded guilty to misdemeanor battery with injury upon emergency personnel. (Pen. Code, § 243, subd. (c)(1); further undesignated statutory references are to the Penal Code.) He was placed on informal probation for three years and was ordered to serve 90 days of incarceration with 90 days of credit for time served.
>
> In case No. SF088363A, defendant pleaded guilty to gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a); count one) and driving with 0.08 percent blood alcohol causing injury (§ 23153, subd. (b); count three). In exchange, three related counts and various enhancements were dismissed. Defendant was sentenced to state prison for the upper term of 10 years on count one plus eight months consecutive on count three. He was awarded 279 days of custody credit and 139 days of conduct credit, and was ordered to pay a $200 restitution fine (§ 1202.4) and a $200 restitution fine suspended unless parole is revoked (§ 1202.45). Defendant's application for a certificate of probable cause was denied.

[Lodged Doc. C.]

Bustillos, acting pro se, applied for a certificate of probable cause to challenge his plea. [Lodged Docs. B & C.] The California Court of Appeal appointed counsel to represent Bustillos on appeal. [Lodged Doc. C.] Bustillos's counsel sought permission to apply for a certificate of probable cause on grounds not stated in Bustillos's prior application and requested that the Court of Appeal conduct an independent review of the record. [Lodged Doc. A.]

While his appeal was pending, Bustillos filed a state habeas petition in the Superior Court for San Joaquin County. [Lodged Doc D.] On April 13, 2005, the superior court denied this petition. [Lodged Doc. E.] The superior court deemed the petition premature insofar as Bustillos sought review of his sentence, which was still the subject of a pending appeal. [Lodged Docs. A-C.] As to Bustillos's claim of ineffective assistance of counsel, the superior court concluded that Bustillos had "failed to set forth facts sufficient to state a prima facie case for relief." The superior court denied the remainder of Bustillos's petition, holding that the contentions were unsupported by the record.

Shortly thereafter, on April 27, 2005, the California Court of Appeal for the Third District denied the applications by Bustillos and his counsel for certificates of probable cause. [Lodged Doc. C.] The court of appeal also undertook an independent review of the record and determined that "[h]aving undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant." [*Id.*]

Bustillos then returned to the habeas proceedings in the Superior Court for San Joaquin County. Bustillos filed a motion for reconsideration of the court's April 13, 2005 order, which had deemed Bustillos's challenge to his sentence premature. [Lodged Doc F.] The superior court rejected Bustillos's challenge to his sentence. [Lodged Doc. G.] Bustillos sought review in the Supreme Court of California, which denied his petition for writ of habeas corpus in a one-line order. [Lodged Docs. H & I.] Respondent admits that Bustillos has exhausted his state judicial remedies and that the present petition for writ of habeas corpus is timely. [Answer at 3:3-5.]

Bustillos filed the present petition on November 16, 2006. On May 15, 2007, Judge Brennan of the Eastern District of California ordered respondent to answer the petition. Respondent's Answer was filed on August 13, 2007. Bustillos filed a Traverse on September 7, 2007 (labeled a "reply"). On December 9, 2008, the case was reassigned to me.

This petition is governed by Title 28, United States Code section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(a) provides that a district court may entertain an application for writ of habeas corpus "only on the ground that [the state prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2006).

To obtain federal habeas relief, Bustillos must satisfy either section 2254(d)(1) or section 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 403 (2000). As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2006).

The Supreme Court interprets section 2254(d)(1) as follows: "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that

4

principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412-13; *see also Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003).

The deferential standard of review under AEDPA requires "that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A district court generally gives deference to state court findings of facts and presumes them to be correct. 28 U.S.C. §2254(e)(1). Federal courts may address errors of state law only if they rise to the level of a constitutional violation. *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Federal courts are bound by the states' interpretations of their own laws. *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir. 2003); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Where there is no reasoned decision from the state's highest court, the court "looks through" to the last reasoned state court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). If the dispositive state court order does not "furnish a basis for its reasoning," a federal habeas court must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 981 (9th Cir. 2000); *Himes*, 336 F.3d at 853. Adjudications by state intermediate appellate courts and trial courts are entitled to the same AEDPA deference given to the state supreme court. *Medley v. Runnels*, 506 F.3d 857, 863 (9th Cir. 2007) (en banc). Here, the last reasoned state court decision is that of the Superior Court for San Joaquin County set forth in two orders. [Lodged Docs. E & F.]

**II.**

Bustillos asserts four grounds for his release: (1) that he has been mentally impaired since the age of 16; (2) that despite his impairment, he has excelled in many areas of life; (3) that he should not have been sentenced to the maximum sentence in light of his personal history; and (4) that he received ineffective assistance of counsel because his attorney incorrectly explained the maximum exposure for his offense if he was convicted at trial.

5

I turn to Bustillos's first, second and third grounds for release, which relate to his mental health and personal history.  Bustillos states the first ground for relief as, "I've been mentally impaired since age 16."  Bustillos states the second ground for relief as, "Despite my painful childhood I excelled in many areas of life and I did not get arrested until age 21."  Bustillos states the third ground for relief as, "I should not have received a Maximum Prison Sentence, given my past history & circumstances . . .."  To support these claims, Bustillos describes the circumstances of his childhood, and submits documents regarding his personal history.  Bustillos contends that the sentencing court should have taken his personal history into account in determining his sentence.

These claims fail to state a basis for relief.  Section 2254(a) provides that I may entertain a petition for writ of habeas corpus "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States."  The first, second and third claims do not state a violation of 28 U.S.C. § 2254(d)(1)-(2), because Bustillos does not show that his sentence amounts to a violation of clearly-established federal law.  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (conclusory allegations do not warrant federal habeas relief).

I am mindful that Bustillos is proceeding pro se and that his pleadings are to be "liberally construed."  *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008), citing *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quotations omitted).  A review of Bustillos's pleadings and the submitted documents reveals an issue as to Bustillos's mental state and his competency.  I construe these statements as a claim that Bustillos was not competent to enter a plea.

Although the pleadings raise an issue as to Bustillos' mental state, there is no basis for affording relief to Bustillos.  Bustillos does not contend that he was incompetent to enter a plea.  Quite to the contrary: Bustillos argues that he agreed to the plea because his attorney incorrectly described the maximum exposure for the charged offenses, and that he would not have pled guilty had he known his "true" exposure.

In addition, the record reflects that Bustillos was examined by two mental health professionals and deemed competent to stand trial prior to his entry of his plea. Under California Penal Code section 1368, where there is a doubt as to defendant's sanity or competence to stand trial, the court may recess the proceedings, either sua sponte or at request of counsel, for a hearing to determine the defendant's competence. This procedure was utilized in this case. Bustillos's counsel requested that the court suspend proceedings under Penal Code section 1368 so that an examination of Bustillos's mental health could be conducted. The court agreed to counsel's request, and the proceedings were suspended. Bustillos was examined by two mental health professionals. After receipt of the experts' reports, the court deemed Bustillos competent to stand trial. [Lodged Doc. K.] Bustillos has not challenged this determination.

Bustillos next argues that he received ineffective assistance of counsel because his attorney incorrectly advised him that his maximum exposure was 16 ½ years when, in fact, his maximum exposure was 10 years and 8 months.

To demonstrate ineffective assistance of counsel, Bustillos must show (a) that his counsel's performance was deficient, and (b) that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is "presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Counsel's performance must fall "outside the wide range of professionally competent assistance" before it may be deemed deficient. *Id.* To demonstrate prejudice, Bustillos must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (footnote omitted).

Bustillos fails to establish a claim for ineffective assistance of counsel. Bustillos does not show that the alleged error by counsel, even if true, fell below "an objective standard of

7

1 reasonableness." *Strickland*, 474 U.S. at 57. The maximum sentence on all counts, to which
2 Bustillos would have been exposed had he proceeded to trial, is 13 years, 8 months. The upper
3 term on the gross vehicular manslaughter while intoxicated count was 10 years. Cal. Penal Code
4 § 191.5(c). A consecutive sentence on count three, driving under the influence with injury, was
5 limited to 8 months, or one-third of the mid-term sentence of 2 years. Cal. Penal Code
6 § 1170.1(a); Cal. Veh. Code §§ 23153, 22540, 23514. Bustillos pled guilty to these charges and
7 was sentenced to 10 years and 8 months, pursuant to his plea agreement. Had he proceeded to
8 trial and been convicted on all charged counts, Bustillos would have faced an enhancement for
9 infliction of great bodily injury, subjecting him to an additional year under Cal. Penal Code
10 §§ 12022.7, 1170.1, and also faced an additional two years for the injuries he caused to two other
11 victims, Cal. Penal Code § 23558. By his plea agreement, Bustillos obtained the dismissal of
12 these charges and others. Furthermore, by his plea agreement, Bustillos received a sentence that
13 was three years less than his maximum exposure had he proceeded to trial. There is no "error[]
14 so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth
15 Amendment." *Id.*

16 Bustillos also fails establish prejudice. Bustillos does not show that, but for counsel's
17 alleged error, he would have proceeded to trial. *Hill*, 474 U.S. at 59. Bustillos cannot therefore
18 show that his counsel's performance was contrary to clearly-established federal law. *See*
19 *Canales v. Roe*, 151 F.3d 1226, 1229 n.2 (9th Cir. 1998).

20 Again, applying the rule of liberal construction to Bustillos's petition, I point out that
21 Bustillos argues that his sentence was illegal. In his state habeas petition, and on page 4 of his
22 Traverse, Bustillos argues that the sentencing judge improperly increased his sentence by
23 consideration of aggravating factors that required a finding by jury under *Blakely v. Washington*,
24 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *See also*
25 *Cunningham v. California*, 549 U.S. 270 (2007).
26

1   This claim fails, however.  Bustillos's upper-term sentence was part of his plea
2  agreement.  Bustillos was aware that he would be sentenced to 10 years and 8 months and agreed
3  to that sentence as part of his plea bargain.  The reporter's transcript of Bustillos's plea reflects
4  that Bustillos was advised of this sentence and freely agreed to it. [Lodged Doc. J.]  Furthermore,
5  Bustillos admitted, in his state appellate brief, that he "entered his pleas with the understanding
6  he would be sentenced to the upper term of ten years . . . [and] eight months . . .".  [Lodged Doc.
7  A.]
8   Petitioner has filed a number of letters, requests, and motions with the court.  These
9  letters, requests, and motions are hereby denied as moot.

12  DATED: October 19, 2009                    __/s/J. Clifford Wallace_____
                                                J. Clifford Wallace
13                                              United States Circuit Judge